512 A.2d 718

**COMMONWEALTH of Pennsylvania**

v.

**Michael Dorsey HOOK, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1986.

Filed July 21, 1986.

Jerry L. Spangler, Assistant Public Defender, Somerset, for appellant.

David J. Flower, Assistant District Attorney, Somerset, for Commonwealth, appellee.

Before ROWLEY, McEWEN and TAMILIA, JJ.

ROWLEY, Judge:

This is a direct appeal from Judgments of sentence totaling 8 1/2 to 15 years imprisonment imposed following

appellant's conviction by a jury on two counts of kidnapping[1] and one count of attempted rape.[2] Appellant's primary argument on appeal is that the evidence is insufficient to sustain his kidnapping convictions because the Commonwealth failed to prove that he "unlawfully confine[d] another for a substantial period in a place of isolation. ..." 18 Pa.C.S. § 2901(a).[3] Because we agree that the evidence is insufficient to establish that appellant confined his victims in a place of isolation, we vacate the judgments of sentence imposed on his kidnapping convictions.

A review of the evidence in a light most favorable to the Commonwealth, as the verdict winner, *Commonwealth v. Taylor*, 324 Pa.Super. 420, 424, 471 A.2d 1228, 1230–31 (1984), reveals the following. On April 19, 1984, at approximately 6:00 p.m., Doris Pyle called a local dry cleaner and asked them to pick up her coat for cleaning. Ms. Pyle resided in an apartment located above a clothing store in Somerset Borough, Somerset County. Within five minutes she heard footsteps in the hallway. She opened the door expecting to find someone from the dry cleaning store; instead, she encountered appellant who forced his way into her apartment. When Ms. Pyle asked appellant what he wanted, he replied, " 'I'm going to 'F' you.' " N.T. 24. He then placed his hand over her mouth and told her to be quiet. After a brief struggle, Ms. Pyle escaped from appellant's grasp and exited her apartment through a door that opened into a hallway. She entered the apartment of an elderly neighbor, Thelma Maust, who was in her bedroom at the time. Appellant followed Ms. Pyle into the other apart-

1. Appellant was charged with one count of kidnapping as to each victim.

2. The trial court merged appellant's simple assault and indecent assault convictions into the attempted rape conviction for sentencing.

3. As to appellant's six remaining issues, we have reviewed the record and have accorded due consideration to them. To the extent that issue VII has not been rendered moot by our disposition of the first issue, Judge Schaulis, in his opinion of September 12, 1985, has adequately discussed and properly disposed of the issue. The remaining issues are either without merit or have been rendered moot by our disposition of the first issue.

ment and discovered both women in Mrs. Maust's bedroom. Appellant repeated his earlier statement and threw both women on to Mrs. Maust's bed. He then struck Mrs. Maust in the face and choked Ms. Pyle when she warned that if he did not leave she would call the police. Appellant began to disrobe Ms. Pyle; he also kissed her and grabbed her breasts. Before he could proceed further, appellant passed out, presumably as a result of his intoxication. The women fled from the bedroom and Mrs. Maust ran downstairs to the clothing store where the employees called the police. The police arrived and discovered appellant, unconscious, in Mrs. Maust's bedroom. The events lasted a little more than one hour.

Appellant argues that the evidence is insufficient because the victims were confined for only one hour in their apartments which were readily accessible to relatives and were located above an open business. Appellant, drawing from language appearing in *Commonwealth v. Hughes*, 264 Pa. Super. 118, 399 A.2d 694 (1979) and the commentary to the Model Penal Code, also maintains that any confinement or movement of the victims during the commission of another crime (here, attempted rape) was incidental and did not substantially increase the risk of harm to the victims. The trial court did not address the issue even though appellant raised it both in his demurrer and in post-verdict motions.

In drafting the portion of the kidnapping statute at issue, the authors of the Model Penal Code sought to proscribe conduct that did not involve the movement of the victim.[4]

The Section defines kidnapping to include certain cases where the victim is not moved at all. These are cases where the victim is held in a place of isolation for a sustantial period. Thus, a man might be seized in his own summer home in the mountains and held there for ransom. Conceivably one's own apartment in a city might in rare cases be regarded as a "place of isolation,"

---

4. Thus the present issue is distinguishable from the one raised in *Commonwealth v. Campbell*, 353 Pa.Super. 178, 509 A.2d 394 (1986) in which this Court interpreted the "substantial distance" language of the kidnapping statute.

if detention is under circumstances which make discovery or rescue unlikely. Confinement in a place of isolation is required to be for a substantial period in order to avoid application of the kidnapping law to detentions merely incidental to rape and other crimes of violence.

Model Penal Code § 212.1, Comment (Tent.Draft No. 11, p. 16, 1960) (footnote omitted). The authors of the Code also drafted the statute restrictively to prevent its use for obtaining a higher permissible sentence where the detention of the victim was incidental to the commission of another crime.

[T]he direction of the criminal law has been to limit the scope of the kidnapping statute, with its very substantially more severe penal consequences, to true kidnapping situations and not to apply it to crimes which are essentially robbery, rape or assault and in which some confinement or asportation occurs as a subsidiary incident.

S. Toll, Pennsylvania Crimes Code Annotated 341 (1974); *Commonwealth v. Hughes, supra.*

██ We must reject appellant's claim that one hour is insufficient to prove his guilt. We find that the evidence was sufficient to permit the jury to decide whether the Commonwealth met its burden of proving that the victims were confined for a "substantial period." We agree, however, with appellant's contention that the evidence was not sufficient for the jury to find that he confined the victims "in a place of isolation."

The victims resided in two, separate apartments on the second floor of their building. A third apartment, located on the same floor, was also occupied. The first floor housed a clothing store that was open for business when the crime occurred. It was to this store that Mrs. Maust went for help. Entrance to the stairway that led to the apartments was through a door which adjoined the door to the clothing store. On the day of the incident, Mrs. Maust had been visited in her apartment by her relatives. Ms. Pyle's phone call to the dry cleaners, and appellant's presence outside her apartment, make clear that there was open

access to the area. Also, the Somerset Borough Police arrived at the scene three minutes after receiving the phone call from the clothing store.

■ Under the circumstances of the present case, we conclude that the evidence was insufficient to permit the jury to consider whether appellant had confined the victims in a place of isolation. Rather, the record reveals that the victims' apartments were frequented both by relatives and by business contacts. An open business was located directly beneath the apartments. An employee from the dry cleaning store was expected momentarily to pick up Ms. Pyle's coat for cleaning. Thus, the record does not indicate that the victims were confined in a manner that made discovery or rescue unlikely. It also appears that any confinement appellant imposed on the victims was incidental to his attempt to rape at least one of the victims. Accordingly, we vacate the Judgments of sentence imposed on the kidnapping counts and discharge appellant on those counts.

Because we cannot determine from our review of the record whether the declared invalidity of the kidnapping convictions would have affected the trial court's sentencing on the attempted rape conviction, we must remand the matter to the trial court in order to provide it with the opportunity to reconsider its sentence on the attempted rape conviction. *See Commonwealth v. Rhodes,* 332 Pa.Super. 273, 279, 481 A.2d 610, 613 (1984), *rev'd on other grounds,* 510 Pa. 537, 510 A.2d 1217 (1986); *Commonwealth v. Conrad,* 285 Pa.Super. 571, 578, 428 A.2d 192, 196 (1981); *Commonwealth v. Lezinsky,* 264 Pa.Super. 476, 480, 400 A.2d 184, 186 (1979); *cf. Pennsylvania v. Goldhammer,* — U.S. —, 106 S.Ct. 353, 88 L.Ed.2d 183 (per curiam) (Double Jeopardy Clause of Fifth Amendment of U.S. Constitution did not bar resentencing defendant on counts affirmed on appeal by Commonwealth when sentence on another count was vacated and dismissed), *rev'g and remanding, Commonwealth v. Goldhammer,* 507 Pa. 236, 489 A.2d 1307 (1985).

16

The Judgments of Sentence for two counts of kidnapping are vacated and appellant is discharged. The Judgment of Sentence for attempted rape is vacated. The case is remanded for resentencing on the charge of attempted rape. Jurisdiction is relinquished.