516 A.2d 24

**COMMONWEALTH of Pennsylvania**

v.

**Harold MEASE, Appellant.**

Superior Court of Pennsylvania.

Argued May 28, 1986.

Filed Sept. 12, 1986.

Reargument Denied Oct. 24, 1986.

Marilyn J. Gelb, Philadelphia, for appellant.

Joseph J. Mittleman, Assistant District Attorney, Media, for Com., appellee.

Before WIEAND, BECK and JOHNSON, JJ.

WIEAND, Judge:

Harold Mease was tried by a jury which found him guilty of murder in the second degree, kidnapping, unlawful restraint, aggravated assault, recklessly endangering another person, criminal conspiracy and related offenses arising from a bizarre act of vengeance wreaked upon a person believed to have raped Mease's girl friend six years before. Following denial of post-verdict motions, the trial court imposed sentence. In addition to a life sentence for murder in the second degree, Mease was given consecutive sentences of imprisonment for not less than seven years nor more than fifteen years. On direct appeal, Mease contends (1) that the evidence was insufficient to prove kidnapping and murder of the second degree; (2) that trial counsel rendered ineffective assistance; and (3) that the sentencing court exceeded the recommended sentence without reason when it imposed sentences consecutive to imprisonment for life. There is no merit in these contentions; and, therefore, we affirm the judgment of sentence.

## I. SUFFICIENCY OF THE EVIDENCE

Kidnapping is defined at 18 Pa.C.S. § 2901 as follows:

(a) A person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place he is found, or if he unlawfully confines another for a substantial period in a place of isolation ...

(b) ... A removal or confinement is unlawful within the meaning of this section if it is accomplished by force, threat, or deception....

"In reviewing the sufficiency of the evidence, we view the evidence presented and all reasonable inferences therefrom in the light most favorable to the Commonwealth as verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt." *Commonwealth v. Campbell*, 353 Pa.Super. 178, 181, 509 A.2d 394, 395 (1986). See: *Commonwealth v. Madison*, 501 Pa. 485, 490, 462 A.2d 228, 231 (1983); *Commonwealth v. Shaver*, 501 Pa. 167, 169, 460 A.2d 742, 743 (1983); *Commonwealth v. Taylor*, 324 Pa.Super. 420, 424, 471 A.2d 1228, 1229 (1984).

While seated in a bar at or about 7:30 a.m. on April 2, 1983, the discussion between appellant and Michael McDonald turned to the unreported rape of appellant's girl friend six years earlier. Appellant requested McDonald to pick up Casmir Stalczynski, who was believed to be one of the rapists, so that appellant could "beat the hell" out of him. McDonald and his brother proceeded in appellant's car to Stalczynski's home, where they induced him on the pretext of a purported drug purchase to return with them to the bar where appellant was drinking. Upon arrival at the bar, appellant entered the rear seat of the automobile where he began to berate loudly and beat Stalczynski. Appellant then instructed McDonald to drive to appellant's home, and McDonald complied. Stalczynski was blindfolded and forced to lie on the floor of the car, and appellant, to scare his captive, withdrew a pistol, loaded it, and fired a shot into the floor. At the home of appellant, Stalczynski

was taken into the basement and ordered to undress. For a period of several hours thereafter, appellant proceeded to punch, kick, slap, beat and scream at his victim. Appellant also stabbed him twice with a bayonnet. During the course of the day, the McDonald brothers left the basement, and other persons also came and went. Finally, when appellant was alone with Stalczynski, he grabbed his victim by the hair, forced him to stand up, tied his hands and shot him in the back of the head. At trial, appellant contended that the gun had discharged accidentally while he was "pistolwhipping" Stalczynski. In any event, the victim was removed from the basement and placed under a bridge. When found at or about 3:00 p.m., Stalczynski was naked, blindfolded, unconscious, bleeding, and his hands were tied. He died three days later without regaining consciousness.

Appellant argues that the evidence failed to show that the victim was unlawfully removed by "force, threat or deception" or that he was confined in a place of isolation. We reject this frivolous argument. In the first place, there was ample evidence that the victim had been removed to Mease's home both by force and by the threat of force. Moreover, the requirement that the victim be confined in a "place of isolation" did not require that he be left alone. The concept "is not geographical location but rather effective isolation from the usual protections of society." Model Penal Code § 212.1, comment 3. In the instant case, Stalczynski was confined in the basement of appellant's home where discovery and rescue were unlikely. This was a "place of isolation" within the meaning of the statute. The fact that friends of appellant were present from time to time did not negate the victim's isolation from the usual protections of society.[1]

Appellant also argues that the evidence failed to show that the killing was "in furtherance" of the kidnapping. However, the provisions of 18 Pa.C.S. § 2502(b), which define murder of the second degree, require only that

1. Compare: *Commonwealth v. Hook*, 355 Pa.Super. 10, 512 A.2d 718 (1986).

the criminal homicide be committed while "defendant was engaged as a principal ... in the perpetration of a felony." The killing of Stalczynski while he was being confined in a place of isolation, and thus during a kidnapping, cannot seriously be questioned. Appellant's reliance upon *Commonwealth v. Waters*, 491 Pa. 85, 418 A.2d 312 (1980), is misplaced. There the issue was accomplice liability for a killing committed during the perpetration of a burglary. The Supreme Court held that the accomplice, who had not fired the fatal bullet, was entitled to a jury instruction that to be found guilty of murder of the second degree there would have to be proof "of a conspiratorial design by the slayer and the others to commit the underlying felony *and* of an act by the slayer causing death *which was in furtherance of the felony.*" Id., 491 Pa. at 95, 418 A.2d at 317 (emphasis in original) (footnote omitted). In the instant case, Mease was the slayer and not merely an accomplice, and it was enough that the evidence showed that he had killed his victim while engaged in committing the crime of kidnapping.

## II. INEFFECTIVENESS OF COUNSEL

■ When examining a claim of alleged ineffectiveness, a reviewing court will determine whether the issue underlying the charge of ineffectiveness was of arguable merit and whether the course chosen by counsel had some reasonable basis designed to serve the interests of his client. *Commonwealth v. Beuhl*, 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986). Moreover, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance." *Id.*, 510 Pa. at 379, 508 A.2d at 1175, quoting *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 696 (1984), *reh. den.*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). See also: *Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984).

Appellant's present counsel is not the same counsel who represented appellant during trial or at the post-verdict

motions hearing. On this direct appeal from the judgment of sentence, Mease has raised several ineffectiveness claims which are different than those which were argued at the post-verdict motions hearing. There has been no evidentiary hearing with respect to these new contentions. Nevertheless, "where it is clear that allegations of ineffectiveness of counsel are baseless or meritless, then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed." *Commonwealth v. Clemmons*, 505 Pa. 356, 361, 479 A.2d 955, 957 (1984). After reviewing the ineffectiveness of counsel averments in this case, we conclude that a further evidentiary hearing is unnecessary; appellant's contentions are devoid of merit. See: *Commonwealth v. Blagman*, 350 Pa.Super. 367, 370, 504 A.2d 883, 885 (1986).

■ Appellant contends that counsel's stewardship must be found wanting because he directed his efforts toward proving an accidental killing and in the process failed to address adequately the lesser charges for which appellant was being tried. This argument lacks merit. The trial strategy adopted by defense counsel was reasonably calculated to serve the best interests of his client. We will not, in hindsight, explore alternative courses of action which might have been available to counsel.

■ Appellant also suggests that counsel was ineffective for failing to request a voluntary manslaughter instruction to be applied by the jury if it found that the killing had been committed in the heat of passion. There is no arguable merit in this contention. In the first place, the rape of appellant's girl friend six years before was too remote to support a finding that appellant had killed in the heat of passion caused by legally adequate provocation. Secondly, the killing in this case was committed, as the jury found, during the course of a kidnapping; and, therefore, the degree of guilt could not properly have been reduced even if the killing had occurred during passion. Appellant was not prejudiced by the failure of counsel to request a "heat of passion" instruction.

■ The charge of ineffectiveness on grounds that counsel failed to request an instruction telling the jury that it would be a defense to a charge of kidnapping that the alleged victim had consented to his removal and isolation is equally lacking in merit. The matter of the victim's alleged consent was adequately covered in the trial court's jury instructions. Similarly, the trial court adequately covered the degrees of homicide which the jury was required to consider. Counsel was not ineffective for failing to request additional instructions.

■ "[A] trial judge has wide latitude in charging the jury, and may use any particular language provided the language used adequately and fully conveys to the jury the law applicable to the facts of the case." *Kearns v. Clark*, 343 Pa.Super. 30, 37, 493 A.2d 1358, 1361 (1985), quoting *Fish v. Gosnell*, 316 Pa.Super. 565, 580, 463 A.2d 1042, 1050 (1983). Where the charge to the jury adequately states the law and creates no likelihood of confusion, counsel will not be deemed ineffective for failing to make objections thereto. *Commonwealth v. Rawles*, 501 Pa. 514, 524, 462 A.2d 619, 624 (1983); *Commonwealth v. Blagman, supra*, 350 Pa.Superior Ct. at 372, 504 A.2d at 886; *Commonwealth v. Davis*, 331 Pa.Super. 285, 301, 480 A.2d 1035, 1043 (1984). In response to appellant's averments that trial counsel was ineffective for failing to object to the trial court's jury instructions regarding kidnapping and murder of the second degree, we have examined carefully the court's instructions. When they are viewed in their entirety and the overall effect is considered, it cannot be said that counsel was ineffective for failing to object or request alternative instructions.

■ Appellant next complains that he was prejudiced unfairly because trial counsel failed to object to the following portion of the prosecuting attorney's closing argument:

Mr. McDougall says to you "Put yourselves or one of your loved ones in the position of Denise Bortz or Denise Mease [alleged rape victim]." I would respectfully say to you: Put yourself in the position of Casmir Stalczynski. Imagine yourself in the basement of someone who is

pounding and hitting you, who has a dagger with brass knuckles, a gun, and who is a fighter—a brawler—215 pounds at the time. Imagine you are only 140, 150 pounds at the most. You are absolutely no physical match for this man. He has made you strip naked and you are in his basement and he is screaming at you. He is from time to time kicking you and punching you. Put yourself in his position. Imagine the terror. Imagine what was going through his mind in a situation like that. (N.T. at 278–279).

"[A]llegedly improper comments must be read in their full context, including the defense closing. We may thus determine if the comments were made in fair response to defense argument." *Commonwealth v. Brown,* 490 Pa. 560, 566, 417 A.2d 181, 184 (1980). See: *Commonwealth v. Floyd,* 506 Pa. 85, 484 A.2d 365 (1984); *Commonwealth v. Stolzfus,* 462 Pa. 43, 337 A.2d 873 (1975). The comments by the prosecutor in the case sub judice were made in response to a defense argument that the jury should put itself in the position of appellant's girl friend. The prosecuting attorney suggested to the jury, that it put itself in the shoes of the beaten victim of appellant's crimes. The District Attorney's argument, even if technically improper, must be considered in light of the defense closing. When this is done, it cannot be said that the prosecuting attorney's remarks impaired the fundamental fairness of the trial or prejudiced the jurors by "forming in their minds [a] fixed bias [or] hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Simon,* 432 Pa. 386, 394, 248 A.2d 289, 292 (1968). See: *Commonwealth v. Stolzfus, supra.* See also: *Darden v. Wainwright,* —— U.S. ——, ——, 106 S.Ct. 2464, 2467, 91 L.Ed.2d 144, 150 (1986). Since the prosecuting attorney did not exceed the scope of the response permitted to defense argument, defense counsel will not be deemed ineffective for failing to object.

Finally, it is now clear beyond peradventure that counsel was not ineffective for failing to make a useless

objection to the "death qualification" of the jury where, as here, the jury did not impose a sentence of death. See: *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Commonwealth v. Roach,* 444 Pa. 368, 282 A.2d 382 (1971); *Commonwealth v. Speller,* 445 Pa. 32, 282 A.2d 26 (1971).

## III. SENTENCING

The sentencing issue, i.e., that sentences consecutive to a sentence of life imprisonment deviated from the sentencing guidelines, was not raised during the sentencing hearing or in the motion to reconsider the sentence. This issue, therefore, has been waived. See: *Commonwealth v. Warden,* 335 Pa.Super. 315, 484 A.2d 151 (1984); *Commonwealth v. Richards,* 317 Pa.Super. 212, 463 A.2d 1161 (1983).

The judgment of sentence is affirmed.