**In the Interest of T.G.**

**Appeal of: T.G., Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 2003.
Filed Nov. 17, 2003.

complained of on appeal, he abandoned it in his brief and it is therefore waived.

John Packel, Public Defender, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: STEVENS, KLEIN, and BECK, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant T.G. appeals from the January 14, 2002 dispositional order entered by the juvenile court following Appellant's adjudication of delinquency on the charges of kidnapping[1] and false imprisonment.[2] On appeal, Appellant contends that the evidence was insufficient to support her adjudication of delinquency for kidnapping and false imprisonment. After a review of the record and briefs of the parties, we affirm.

¶ 2 When a challenge to the sufficiency of the evidence is made, our task is to determine whether the evidence and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, were sufficient to enable the fact-finder to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Shaffer*, 763 A.2d 411, 413 (Pa.Super.2000). In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. *Commonwealth v. Gooding*, 818 A.2d 546, 549 (Pa.Super.2003). Moreover, we must defer to the credibility determinations of the trial court, as these are within the sole province of the finder of fact. *Commonwealth v. Dehoniesto*, 425 Pa.Super. 83, 624 A.2d 156, 162 (1993). The trier of fact, while passing upon the credibility of witnesses, is free to believe all, part, or none of the evidence. *Gooding*, 818 A.2d at 549.

¶ 3 When viewing the record in the light most favorable to the Commonwealth, we find the record reveals the following: On November 16, 2001, the victim, a six-year-old girl, was playing with her friend, who was also a child, in front of the house located next to Appellant's house. N.T. 1/9/02 at 15, 19–20, 31. The victim lived six or seven houses away on the other side of the street. N.T. 1/9/02 at 31. When Appellant, who was fourteen years old, appeared, the victim ran away; however, Appellant told the victim that she had candy, and the victim returned. N.T. 1/9/02 at 15. At this point, Appellant grabbed the victim's arm and pulled her into Appellant's residence. N.T. 1/9/02 at 15. Although the victim's playmate attempted to follow the victim inside of Appellant's residence, Appellant would not let him enter and shut the door. N.T. 1/9/02 at 17, 20, 29. Once Appellant had the victim in the house, she told her to sit down, pulled her hair, told her she was going to "kick her mommy's ass," and would not let the victim leave. N.T. 1/9/02 at 16, 28, 29.

¶ 4 After approximately twenty minutes, Appellant took the victim out to the front porch by her shirt collar, pulled her hair, hit her, and again told the victim she was going to "whoop [her] mom's ass." N.T. 1/9/02 at 19, 26, 32. Although the victim could see her mother and her mother could see her at this time, the victim could not get away because Appellant was holding her by the collar. N.T. 1/9/02 at 22–23, 26. Appellant was holding a metal bat and told the victim's mother to come and get the victim. N.T. 1/9/02 at 26. Finally, the mother summoned the police, and Appellant released the frightened victim when she saw the police arrive. N.T. 1/9/02 at 22, 24, 26.

¶ 5 Appellant first alleges that the evidence was insufficient to support her adjudication of delinquency for kidnapping. Specifically, Appellant contends that the evidence was insufficient to demonstrate that Appellant either unlawfully removed

---

**1.** 18 Pa.C.S.A. § 2901.

**2.** 18 Pa.C.S.A. § 2903.

the victim a substantial distance or unlawfully confined the victim for a substantial period in a place of isolation. In addition, Appellant contends that the evidence fails to establish that Appellant had any of the requisite intents necessary for a finding of kidnapping.

¶ 6 18 Pa.C.S.A. § 2901 provides the following:

> (a) **Offense defined.**-A person is guilty of kidnapping if [s]he unlawfully removes another a substantial distance under the circumstances from the place where [s]he is found, **or** if [s]he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions:
>
> (1) To hold for ransom or reward, or as a shield or hostage.
>
> (2) To facilitate commission of any felony or flight thereafter.
>
> (3) To inflict bodily injury on or to terrorize the victim or another.
>
> (4) To interfere with the performance by public officials of any governmental or political function.
>
> (b) **Grading.**-Kidnapping is a felony of the first degree. A removal or confinement is unlawful within the meaning of this section if it is accomplished by force, threat or deception, or, in the case of a person who is under the age of 14 years or an incapacitated person, if it is accomplished without the consent of a parent, guardian, or other person responsible for general supervision of h[er] welfare.

18 Pa.C.S.A. § 2901(a), (b) (emphasis added in part).

■■■■■ ¶ 7 As to whether Appellant moved the victim a "substantial distance," this Court has held that the definition cannot be confined to a given linear distance. *Commonwealth v. Hughes*, 264 Pa.Super. 118, 399 A.2d 694, 696 (1979) (*en banc*). This Court has reasoned that the guilt of an abductor cannot depend upon the fortuity of the distance the abductor has transported her victim. *Id.* This Court has acknowledged that "the incidental movement of a victim during the commission of a crime which does not substantially increase the risk of harm to the victim," does not meet the statutory definition of kidnapping. *Hughes*, 399 A.2d at 698. However, where the movement of the victim places the victim "in a completely different environmental setting removed from the security of familiar surroundings," the statutory definition of kidnapping is met. *Hughes*, 399 A.2d at 698. "[T]he singular fact [that] removal compound[s] the risk of harm to the victim which was distinct from the risk inherent in the crimes which the movement accompanied," *Hughes*, 399 A.2d at 698, results in sufficient grounds for finding the victim was removed a "substantial distance." Stated another way, "a sensible interpretation is one that views a substantial distance as one that isolates the victim and exposes him or her to increased risk of harm." *Commonwealth v. Campbell*, 353 Pa.Super. 178, 509 A.2d 394, 397 (1986) (quotation and quotation marks omitted) (holding that a four year old victim was moved a "substantial distance" when the appellant carjacked the car in which the victim was riding, drove it several blocks, and stopped only because the vehicle became immobilized on ice).

■■■■■ ¶ 8 Applying the aforementioned to this case, we conclude that Appellant unlawfully removed the victim a substantial distance under the circumstances from the place where she was found. We initially note that our review of the record indicates that, in the light most favorable to the Commonwealth, the victim was playing outside of the house located next door to Appellant's house when Appellant

grabbed the victim and took her inside of Appellant's house. Based on the testimony given at the hearing, Appellant argues the facts mistakenly, and in fact to her detriment, by asserting repeatedly in her brief that the victim was playing outside seven houses away from Appellant's house when Appellant grabbed the victim and took her inside of Appellant's house. *See* Appellant's Brief at 11, 14. This misargument of the victim's location in Appellant's brief is more than *de minimis*. A victim's location, and other circumstances surrounding a removal, are crucial to a court's determination of whether a victim was removed a substantial distance under the circumstances from the place where she is found. We strongly emphasize that it is an appellant's duty to frame and develop the issues properly in her brief and that it is not this Court's duty to do so. *See* Pa.R.A.P. 2119.

¶ 9 In any event, properly reviewing the evidence presented in this case, and properly identifying the victim's location and all of the circumstances surrounding her removal, we conclude that the "substantial distance" requirement for statutory kidnapping has been met. The six-year-old victim was removed, without the consent of her parent, from a public place outside of a playmate's house and forcibly taken into the seclusion of Appellant's home. Appellant closed the door to her home, would not let the victim's playmate enter the house, and would not let the victim leave.

Far from being "inconsequential," the distance traveled enabled Appellant to prevent contact between the victim and her mother, and allowed Appellant to exercise her will on the victim without interference. The fact Appellant happened to live next door to the place where the victim was playing when Appellant forcibly removed her does not require a finding that Appellant did not take the victim a "substantial distance" for purposes of the kidnapping statute. As indicated *supra*, the definition of "substantial distance" is not limited to a given linear distance, and it is absurd to suggest that Appellant cannot be found delinquent of kidnapping solely because she was lucky enough to have found the victim playing near her home at the time Appellant desired to remove her from the public's view.

¶ 10 We note that we find unavailing Appellant's argument that removing the victim did not "substantially increase the risk of harm" to the victim since the victim had been in Appellant's home before and the house was located in the neighborhood where the victim was playing. The evidence revealed that the victim had been at Appellant's home only when she was accompanied by her mother and Appellant was not at the house. N.T. 1/9/02 at 20–21, 33. The fact Appellant's home happened to be located in the same neighborhood where the victim was playing does not preclude a finding of kidnapping.[3]

---

3. At this juncture, we find it necessary to discuss the Supreme Court's decision in *Commonwealth v. Aulisio*, 514 Pa. 84, 522 A.2d 1075 (1987). In *Aulisio*, two children were playing in their backyard under the watchful eye of their mother. The mother watched as the fifteen year old appellant followed her children into an unfinished house, which was owned by the appellant's family, adjacent to her yard. The mother testified that the appellant did not appear to be threatening the children and the children were not forbidden from going into the unfinished house with the appellant. The children were subsequently found dead, and it was determined that the appellant killed the children in or near a bedroom closet in the unfinished house. Based on all of the circumstances presented, the Supreme Court concluded that the appellant did not remove the children a substantial distance under the circumstances from the place where they were found. We conclude that the Supreme Court's decision in *Aulisio* is distinguishable from the case at bar. The Supreme Court seemed to view the unfinished

¶ 11 Having concluded that the Commonwealth sufficiently established that Appellant removed the victim a substantial distance under the circumstances from where she was found, it was unnecessary for the Commonwealth to also prove that Appellant unlawfully confined the victim for a substantial period in a place of isolation. However, we conclude that the Commonwealth sufficiently established this element of kidnapping as well.

¶ 12 As to what qualifies as confinement in a place of isolation, this Court has held that the concept is "not geographic isolation, but rather effective isolation from the usual protections of society." *Commonwealth v. Mease*, 357 Pa.Super. 366, 516 A.2d 24, 26 (1986) (citation omitted). "[O]ne's own apartment in the city can be a place of isolation, 'if *detention is under the circumstances which* make discovery *or rescue* unlikely.' " *Commonwealth v. Jenkins*, 455 Pa.Super. 152, 687 A.2d 836, 838 (1996) (quotation omitted) (emphasis in original) (holding that the appellant isolated the victims where he entered the victims' home and held the child victim at knife point when police arrived). The requirement that the victim be confined in a place of isolation does not require that the victim be left alone; the fact that other people are present does not necessarily negate the victim's isolation from the usual protections of society. *See Mease, supra* (holding that

where the appellant confined the victim in the appellant's basement, and appellant's friends were present, the evidence was sufficient to demonstrate isolation for kidnapping purposes).

¶ 13 Here, Appellant, without parental consent, took the young victim from public view, placed the victim inside of Appellant's residence, and closed the door, refusing entry to the victim's playmate. After approximately twenty minutes, Appellant took the victim to Appellant's front porch, but would not let the victim leave, even though the victim's mother was in sight at this time. Appellant held onto the victim's shirt collar, while clutching a metal bat in her other hand, and challenged the victim's mother to "come [and] get her." N.T. 1/9/02 at 26. Appellant did not release the victim until the police arrived shortly thereafter. N.T. 1/9/02 at 22.

¶ 14 We conclude that the evidence was sufficient to demonstrate that Appellant sufficiently isolated the victim without parental consent. Appellant succeeded in isolating the victim from the usual protections of society under circumstances which made rescue unlikely. Contrary to Appellant's argument, the fact that her mother and a teenage neighbor were in the house at various times does not negate the finding of isolation. As this Court indicated in *Mease*, the fact that other people are present does not mean that the victim was not

house as an extension of the place where the children were playing with their mother's permission when the appellant followed them into the unfinished house. The Supreme Court reasoned that the appellant followed the children into the house and then shot them. Here, the victim was playing outside and was forcibly removed without parental permission to a confined place where she clearly did not want to be. Appellant's house was not an extension of the place where the victim was playing with parental permission. We do not interpret the Supreme Court's de-

cision in *Aulisio* to mean that a defendant/juvenile can never be found guilty or adjudicated delinquent of kidnapping merely because the removal occurred from an adjacent yard. Rather, all of the circumstances surrounding that removal must be taken into account. Particularly with regard to urban settings, where numerous residences are situated in a geographically small area, the substantial distance needed to expose a victim to increased risk of harm cannot be limited to a linear distance.

isolated.[4] Moreover, Appellant did not initially release the victim even after the victim's mother determined the victim's location. It was not until the police arrived that Appellant finally ended the ordeal and surrendered the victim. As in *Jenkins*, the victim's detention in this case was not merely incidental to a different crime, it was the core crime.[5]

¶ 15 As to whether the victim was confined for a "substantial period," we point to this Court's decision in *Commonwealth v. Hughes*, 264 Pa.Super. 118, 399 A.2d 694, 698 (1979) (*en banc*), in which we stated that "what is a 'substantial period' in time can depend on the mental state of the victim. The fright that can be engendered in 30 minutes can have the same debilitating effect on one person as 30 hours may have on another." Here, taking into account the victim's young age and her testimony that she was afraid and crying when Appellant confined her within Appellant's home for approximately twenty minutes, we conclude that the "substantial period" element has been met.

¶ 16 Finally, as for whether Appellant had the requisite intent for statutory kidnapping, we conclude that the evidence reveals that Appellant removed the victim with the intent to terrorize the victim. 18 Pa.C.S.A. § 2901(a)(3). The victim testified that, when she was inside of Appellant's home, Appellant pulled her hair, cursed at her, and threatened to physically harm the victim's mother.

When Appellant took the victim outside, she held the victim by the collar, threatened her with a metal bat, and again indicated that she was going to hurt the victim's mother. Particularly in light of the victim's tender age, we conclude that the evidence established that Appellant's actions were done with the intent of terrorizing the victim. As such, the evidence was sufficient to adjudicate Appellant delinquent of kidnapping.

¶ 17 Appellant next alleges that the evidence was insufficient to support her adjudication of delinquency as to false imprisonment. We disagree.

¶ 18 18 Pa.C.S.A. § 2903 provides that "[a] person commits an offense if he knowingly restrains another unlawfully so as to interfere substantially with h[er] liberty." [6] Here, the evidence sufficiently demonstrated that Appellant grabbed the victim by her arm, took her inside a house with the door closed, pulled her hair, and would not permit the victim to leave even though she was crying. The trier of fact found this evidence to be credible, and we conclude that it was sufficient to adjudicate Appellant delinquent of false imprisonment.

¶ 19 In addition, we note that this Court has indicated that false imprisonment is of a lesser magnitude than kidnapping. *Commonwealth v. Prince*, 719 A.2d 1086 (Pa.Super.1998); *Commonwealth v. Wells*, 313 Pa.Super. 557, 460 A.2d 328 (1983). In light of the fact we found the evidence

4. We note that Appellant's mother testified that she was upstairs when the victim was in her home, N.T. 1/9/02 at 54–55, and the teenage neighbor was Appellant's "close friend." N.T. 1/9/02 at 68.

5. We specifically find that this case is distinguishable from *Commonwealth v. Hook*, 355 Pa.Super. 10, 512 A.2d 718 (1986), in which this Court concluded that the evidence was insufficient to establish the victim was effectively isolated from the protections of society.

In *Hook*, the intoxicated appellant chased the victim into a neighbor's apartment, which was located above an open business, raped her, and then passed out. There was no overt hostage situation in *Hook*, and the confinement was incidental to the crime of rape.

6. If the victim is under eighteen years of age, false imprisonment is a felony of the second degree. 18 Pa.C.S.A. § 2903(b)(2).

sufficient to adjudicate Appellant delinquent of kidnapping, we have no difficulty concluding that the same facts support a finding of false imprisonment.

¶ 20 Affirmed.

¶ 21 KLEIN, J. files a concurring opinion.

### CONCURRING OPINION BY KLEIN, J.:

¶ 1 I reluctantly must agree that the trial court's adjudicating T.G. delinquent for kidnapping was correct. Viewing all of the circumstances, including the age of the victim, the nature of what was said to her, and the fact that this was not incidental to another crime, I believe that under Pennsylvania case law this is enough to establish kidnapping. I do note that this case is far from the facts of *Commonwealth v. Hughes*, 264 Pa.Super. 118, 399 A.2d 694 (1979) (*en banc*), where the defendant put a knife to the victim's throat, forced her to walk to his car a block and a half away, drove her for about two miles and then stopped the car and took her to an abandoned lot and raped her. Here, the distance was trivial (the neighbor's porch), but keeping the six-year-old girl in T.G.'s house away from adults, coupled with making threats on the girl's mother, is enough to meet the standard for kidnapping.

¶ 2 However, if I had been sitting as the trial judge, I would not have reached that result. This was more a case of a neighborhood vendetta than a substantial carrying away or sequestering of the victim. Under those circumstances, I would not have found kidnapping but limited the adjudication to false imprisonment.

¶ 3 However, on appeal, because the elements of the crime were technically made out, I cannot say that the trial court abused its discretion in adjudicating T.G. delinquent on the basis of kidnapping. In the end, because this was an adjudication of delinquency and not a criminal conviction, there is no immediate difference, since the trial court ordered probation.