J-S68043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH J. SHAFFER, | : | |
| | : | |
| Appellant | : | No. 1085 EDA 2014 |

Appeal from the Judgment of Sentence entered on February 28, 2014
in the Court of Common Pleas of Wayne County,
Criminal Division, No. CP-64-CR-0000042-2006

BEFORE: ALLEN, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 26, 2014**

Kenneth J. Shaffer ("Shaffer") appeals from the resentencing Order entered pursuant to his Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, Shaffer's PCRA counsel, Lindsey Collins, Esquire ("Attorney Collins"), has filed an Application to Withdraw as Counsel. We deny Attorney Collins's Application to Withdraw as Counsel, vacate Shaffer's judgment of sentence and remand for resentencing.

On May 12, 2006, Shaffer pled guilty to two counts each of aggravated indecent assault and corruption of a minor, and one count each of rape of a child, involuntary deviate intercourse, statutory sexual assault and

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

aggravated indecent assault.[2]  On September 11, 2006, the trial court sentenced Shaffer to an aggregate sentence of 16 years and 6 months to 45 years in prison.  Shaffer filed a Motion for reconsideration of sentence, which the trial court denied.  Thereafter, the Commonwealth filed a Petition to Amend Sentence, averring that there was an error in the sentencing computation, but that the total sentence imposed was appropriate.  On December 14, 2012, the trial court entered an Order which clarified that Shaffer's total sentence is 15 years and 6 months to 45 years in prison.  Subsequently, on February 28, 2013, the trial court entered another Order that amended the December 14, 2012 sentencing Order to read that Shaffer's total sentence is 16 years and 6 months to 45 years in prison.

On July 24, 2013, Shaffer, *pro se*, filed the instant PCRA Petition.  The PCRA court appointed Attorney Collins as counsel.  Attorney Collins filed an amended PCRA Petition on Shaffer's behalf alleging improper sentencing on the rape of a child count.  The PCRA court and the Commonwealth agreed that a sentencing error was made in relation to the rape of a child count.  Accordingly, the PCRA court vacated the sentence imposed on that count only.  On February 28, 2014, following a hearing, the PCRA court resentenced Shaffer solely on the rape of a child count to 66 months to 20 years in prison.  Based on this resentencing, Shaffer's new total aggregate sentence was 16 to 45 years in prison.  Shaffer filed a Motion for

---

[2] **See** 18 Pa.C.S.A. §§ 3125(a)(7), (8), 6301, 3121(c), 3123(a)(7), 3122.1, 3125(a)(7).

reconsideration of sentence, which the PCRA court denied on March 11, 2014. On April 7, 2014, Shaffer filed a Notice of Appeal.

On appeal, Shaffer challenges the sentence imposed at resentencing. Before addressing that claim, however, we observe that "if a trial court errs in its sentence on one count in a multi-count case, then all sentences for all counts will be vacated so that the court can restructure its entire sentencing scheme." **Commonwealth v. Bartrug**, 732 A.2d 1287, 1289 (Pa. Super 1999). This is true even where an appellant specifically limits his appeal to one particular illegal sentence and does not appeal other sentences in a common sentencing scheme. **See id**.

Moreover, because we cannot determine from our review of the record whether the declared invalidity of the sentence on the rape of a child count would have affected the trial court's sentencing on the remaining counts, we vacate the February 28, 2014 sentencing Order and remand the matter to the trial court in order to provide it with the opportunity to consider its entire sentencing scheme. **See Commonwealth v. Hook**, 512 A.2d 718, 720 (Pa. Super. 1986).

For the reasons stated above, the PCRA court's Order amending the sentence imposed on the rape of a child count is vacated, as are the sentences imposed on the remaining charges, and the case is remanded to the trial court for resentencing on all counts. At that time, Shaffer may then

file an appeal of his judgment of sentence, if he so desires. Attorney Collins's Application to Withdraw as Counsel is denied as premature.[3]

Application to Withdraw as Counsel denied. Judgment of Sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2014

---

[3] The trial court is free to appoint new counsel for Shaffer for resentencing, if it chooses to do so.