J-A04041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: N.E.S., A MINOR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: N.E.S., A MINOR | No. 526 WDA 2015 |

Appeal from the Dispositional Order Entered February 13, 2015
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-JV-0000121-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and SHOGAN, J.

MEMORANDUM BY SHOGAN, J.:                     **FILED APRIL 15, 2016**

Appellant, N.E.S., presently seventeen years old, appeals from the dispositional order entered on February 13, 2015, in the Court of Common Pleas of McKean County.  We affirm.

Appellant was charged with robbery, burglary, kidnapping, theft, criminal trespass, and simple assault stemming from an incident on November 10, 2014.[1]  The Commonwealth's motion to withdraw the charges

_____

[1]  The Commonwealth also amended the juvenile petition to add one count each of unlawful restraint and false imprisonment.  The juvenile court noted that "these two charges were added under the condition that [they] were alternative charges to the Kidnapping charge, and were to be withdrawn or dropped in the event that [Appellant] was found to have committed the act of Kidnapping."  Juvenile Court Opinion, 4/23/15, at unnumbered 1 n.2; N.T., 1/28/15, at 10–13.

of theft, trespass, and simple assault was granted at the dispositional hearing. N.T., 1/28/15, at 32. The juvenile court summarized the facts of the crimes as follows:

> On or about November 10, 2014, [Appellant] D.O.B. 08/14/1998, along with another individual, entered a building or occupied structure that is adapted for overnight accommodations at which time the victim, Shirley Crone, was present, with the intent to commit a crime therein and when the premises were not open to the public and when he was not licensed to enter[.] . . . [T]he juvenile did enter the residence of Shirley Crone, located at 118 Canfield Hollow Road, Eldred, PA 16731, and once inside did push the victim out of the way, and along with the other individual did forcibly confine the victim, Shirley Crone, for a substantial period in a place of isolation, by having her held in a chair by the throat, while the juvenile did locate and take $170.00 in cash from the victim's purse and did further take her phone, a Formtext V-Tech cordless phone valued at approximately $19.95, so that she could not call for help.

Adjudicatory Hearing Order, 1/28/15, at 1. The victim, Shirley Crone, was eighty-seven years old. The juvenile court stated that Appellant admitted to the following facts:

> Once victim answered the door, [Appellant] grabbed the elderly victim by the throat, told her she was being robbed, and forced her to sit in a chair. While [Appellant] held the victim in a chair by the throat, [the other juvenile] went throughout the residence looking for money . . . . While the . . . amount of time the juveniles were in victim's residence is not exact, it is believed they were in the residence of the victim approximately 10 to 15 minutes.

Juvenile Court Opinion, 4/23/15, at unnumbered 2 (footnote omitted). **See also** N.T., 1/28/15, at 18. The juvenile court found that Appellant committed robbery, burglary, and kidnapping, all graded as felonies of the first degree.

- 2 -

A dispositional hearing was held on February 10, 2015, and the court entered its dispositional order on February 13, 2015. The juvenile court imposed a six-to-twelve-month period of probation, eighty hours of community service, and the payment of costs and restitution.[2] On February 20, 2015, Appellant filed a post-dispositional motion, which the juvenile court denied by opinion and order dated February 24, 2015.[3] Appellant filed a timely notice of appeal. Both Appellant and the juvenile court complied with Pa.R.A.P. 1925.[4]

Appellant raises the following single issue on appeal:

> Was there sufficient evidence to adjudicate N.E.S. delinquent of the crime of Kidnapping, 18 Pa.C.S. § 2901(a)(2), including, but not limited to, that the victim was not held for the "substantial period" of confinement required by the kidnapping statute; and that any restraint of the victim was incidental to the crimes of burglary and robbery. *See* 18 Pa.C.S. §2901(a)(2).

Appellant's Brief at 9.

Our standard and scope of review is settled:

_____

[2] We observe that the disposition imposed was quite lenient.

[3] The juvenile court filed an amended opinion and order on March 27, 2015, when it discovered that the opinion filed on February 24, 2015, erroneously omitted one page. The amended opinion and order was made retroactive to February 24, 2015.

[4] When, on September 3, 2015, Appellant's brief still had not been filed in this Court, we entered an order remanding the appeal for thirty days to the juvenile court "for a determination as to whether counsel has abandoned [A]ppellant and to take further action as required to protect [A]ppellant's right to appeal." Order, 9/3/15. Counsel thereafter transmitted his brief to this Court on September 30, 2015.

"In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." **Commonwealth v. Patterson**, ___ Pa. ___, 91 A.3d 55, 66 (2014) (citation omitted), *cert. denied*, **Patterson v. Pennsylvania**, ___ U.S. ___, 135 S.Ct. 1400, 191 L.Ed.2d 373 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." **Commonwealth v. Watley**, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, ___ Pa. ___, 95 A.3d 277 (2014). As an appellate court, we must review "the entire record ... and all evidence actually received." **Id**. (internal quotation marks and citation omitted). "The trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." **Commonwealth v. Kearney**, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted), *appeal denied*, ___ Pa. ___, 101 A.3d 102 (2014). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Diamond**, 623 Pa. 475, 83 A.3d 119, 126 (2013) (citation omitted), *cert. denied*, **Diamond v. Pennsylvania**, ___ U.S. ___, 135 S.Ct. 145, 190 L.Ed.2d 107 (2014).

*In re C.R.*, 113 A.3d 328, 333–334 (Pa. Super. 2015), *appeal denied sub nom.*, **In re Interest of C.R.**, 125 A.3d 1197 (Pa. 2015).

As noted, Appellant assails the sufficiency of the evidence supporting his delinquency adjudication of kidnapping. The relevant statute provides as follows:

**§ 2901. Kidnapping**

**(a) Offense defined.--** Except as provided in subsection (a.1) [relating to kidnapping of a minor], a person is guilty of kidnapping if he unlawfully removes another a substantial

- 4 -

distance under the circumstances from the place where he is found, **or if he unlawfully confines another for a substantial period in a place of isolation**, with any of the following intentions:

>   (1) To hold for ransom or reward, or as a shield or hostage.
>
>   **(2) To facilitate commission of any felony or flight thereafter**.
>
>   **(3) To inflict bodily injury on or to terrorize the victim** or another.
>
>   (4) To interfere with the performance by public officials of any governmental or political function.

18 Pa.C.S. § 2901(a) (emphasis added).

Appellant asserts that the confinement of the victim did not meet the "substantial period of confinement" required by the kidnapping statute. Moreover, he maintains that any restraint of the victim was "incidental to the crimes of burglary and robbery." Appellant's Brief at 13.

Initially, we note that while the statement of questions involved in Appellant's brief purports to raise an issue regarding whether the restraint of the victim was merely incidental to the commission of the other crimes of burglary or robbery, Appellant has not made any argument in his brief concerning this claim. Therefore, this issue has been abandoned. ***Commonwealth v. Bullock***, 948 A.2d 818, 823 (Pa. Super. 2008) (Defendant abandoned contention set forth in statement of issues where, in his brief, he failed to present argument on the evidence claim).

Furthermore, Appellant confined his argument in the juvenile court to whether a "substantial period" existed in this case.

At the adjudicatory hearing, Appellant admitted to the charges of robbery and burglary.  N.T., 1/28/15, at 6.  Regarding the charge of kidnapping, defense counsel asserted, "[A]s to kidnapping we have a legal argument whether the period of time that the victim was held constitutes the substantial period under the statute . . . ."  *Id*. at 6–7.  Defense counsel emphasized, "I want to be clear on the record that . . . we disagree with whether it is a substantial period sufficient for kidnapping."  *Id*. at 9.  Later in the hearing, defense counsel reiterated, "Your honor, the kidnapping is addressed and it is—the issue is just as what is a substantial period under the Kidnapping Statute."  *Id*. at 27.  Therefore, our focus in this case relates to Appellant's contention that the evidence does not support the adjudication of delinquency for the crime of kidnapping because Appellant did not confine the victim for a "substantial period."  *See Commonwealth v. Maisonet*, 31 A.3d 689, 694 (Pa. 2011) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal") (citing Pa.R.A.P. 302(a)).

Appellant's vague and general argument suggests that in *Commonwealth v. Hughes*, 399 A.2d 694 (Pa. Super. 1979) (*en banc*), "the time period [of confinement] was longer than in the present case," "although not much longer."  Appellant's Brief at 13.  He asserts that he restrained the victim herein "not more than [fifteen] minutes."  *Id*. at 14–

- 6 -

15. Appellant attempts to distinguish *Commonwealth v. Markman*, 916 A.2d 586 (Pa. 2007), and *Hughes*, the two cases relied upon by the juvenile court. Appellant notes that in *Markman*, the victim was moved twenty-five miles away, and in *Hughes*, the defendant also moved the victim to another location; whereas instantly, Appellant and his co-defendant "restrained the victim in her own home." Appellant's Brief at 14. That distinction, however, is immaterial in this case. The kidnapping statute encompasses the act of "unlawfully remov[ing] another a substantial distance under the circumstances from the place where he is found, **or** . . . unlawfully confin[ing] another for a substantial period in a place of isolation." 18 Pa.C.S. 2901(a).[5] The latter distinction is applicable here.

The Commonwealth contends that there is no question that the eighty-seven-year-old victim in this case was unlawfully confined in a place of isolation. Commonwealth's Brief at 8. The Commonwealth also submits that while Appellant was unlawfully in the home for approximately fifteen minutes,

> the act of asking for and then taking the victim's phone was done for the sole purpose of isolating her for a substantial period of time. The fact that the victim ultimately had another phone, and was able to call for assistance after waiting for a period of time, does not diminish this assertion. By taking the phone, the

_____

[5] The word "or" is given its normal disjunctive meaning unless it produces an unreasonable result. *Commonwealth v. Lopez*, 663 A.2d 746 (Pa. Super. 1995); 1 Pa.C.S. § 1903(a).

juveniles were effectively trying to remove the victim's ability to reach out for aid for a substantial period.

Commonwealth's Brief at 8–9.

As noted, the juvenile court relied on **Hughes** and **Markman**. The juvenile court cogently stated:

> Addressing the Juvenile's dispute over "substantial time" and after review of the case law in the context of the statute, it is apparent that the rule for a substantial time is not a test of minutes or seconds, but a test of the degree of [the] victim's fright, the debilitating effect on the victim, or the risk of increased harm to the victim. Applying this test to the facts at hand, surely the requirement of "substantial time" is met.
>
> The victim, a woman of almost ninety (90) years of age was held by the throat and forced to stay isolated in a chair— with no access to the outside world or the protections of society. Her phone was taken away and later thrown in a creek so that she could not call for help. Juvenile held her very breath in his hands. Being faced with the imminent loss of breath and life would be terrifying to any person, especially an elderly woman who does not have the comparable physique of the 16-year-old Juvenile who pinned her by the throat to that chair. Juvenile could have suffocated the victim merely by closing his hand or applying pressure to the victim's neck. Certainly, the nature of this confinement put the victim at an increased risk of harm— even an imminent risk of death as the Juvenile could have asphyxiated her at will.

Juvenile Court Opinion, 4/23/15, at unnumbered 6.

The cases cited by the juvenile court and the parties address whether the victims were in places of isolation. It is clear that isolation in one's home can suffice. **See**, **e.g.**, **Markman**, 916 A.2d at 600 ("[O]ne's own apartment in a city may 'be regarded as a "place of isolation," if the circumstances of detention made discovery or rescue unlikely'") (citing

Model Penal Code § 212.1, cmt. 3); *accord Commonwealth v. Jenkins*, 687 A.2d 836, 838 (Pa. Super. 1996); *Commonwealth v. Mease*, 516 A.2d 24, 26 (Pa. Super. 1986); *Commonwealth v. Hook*, 512 A.2d 718, 719 (Pa. Super. 1986). Indeed, our Supreme Court has stated:

> Based upon the statutory language, the history of the crime of kidnapping, the Model Penal Code on which Section 1209(a) is based, and our Court's decisions interpreting the kidnapping statute, we take this opportunity to reaffirm that, for purposes of Pennsylvania's kidnapping statute, a "place of isolation" is not geographic in nature, but contemplates the confinement of a victim where he or she is separated from the normal protections of society in a fashion that makes discovery or rescue unlikely.

*Commonwealth v. Rushing*, 99 A.3d 416, 425 (Pa. 2014).

Again, however, that is not the issue here. Rather, the issue is whether this victim, where the incident appears to have lasted fifteen minutes, was held for a "substantial period" as that phrase is used in the kidnapping statute.

Appellant makes no cogent argument regarding this issue. We find guidance from our Supreme Court's explanation in *Markman*, where the Court rejected the appellant's contention that the period of confinement was not substantial because it was not definitively identified at trial. The High Court stated:

> [T]he determination of a substantial period subsumes not only the exact duration of confinement, but also whether the restraint, by its nature, was criminally significant in that it increased the risk of harm to the victim. *Accord State v. La France*, 117 N.J. 583, 569 A.2d 1308, 1313 (1990). Presently, it is undisputed that [the victim] was not immediately killed after

being tied up, and that she was left alone inside the trailer while the perpetrators stepped outside to retrieve cigarettes, smoke them, and discuss what to do next. If [the victim] had not been confined as she was, she could have escaped or at least cried out for help; also, the confinement period was sufficient to cause an increased risk of harm due to the blockage of oxygen from the wadded-up rag in her throat. . . . Thus, the jury was entitled to conclude that [the victim] was confined in a place of isolation for a substantial period. *Cf. Hook*, 355 Pa.Super. at 14, 512 A.2d at 720 (finding a confinement period of one hour to be substantial).

*Markman*, 916 A.2d at 600.

We are also guided by *In re T.G.*, 836 A.2d 1003, 1009 (Pa. Super. 2003). In *T.G.*, the fourteen-year-old appellant grabbed the six-year-old victim's arm and pulled her into the appellant's residence, where the appellant pulled the victim's hair, threatened the victim's mother, and made the child sit on the couch. After approximately twenty minutes, the appellant pulled the victim out to the front porch by her shirt collar, pulled her hair, hit her, and again threatened the victim's mother. Although the victim could see her mother and her mother could see her at this time, the victim could not get away because the appellant was holding the child by the collar. The appellant released the frightened victim when the police arrived. In addressing whether the twenty-minute confinement constituted a "substantial period," this Court, relying on *Hughes*, reiterated that "what is a 'substantial period' in time can depend on the mental state of the victim. The fright that can be engendered in 30 minutes can have the same debilitating effect on one person as 30 hours may have on another." *T.G.*,

- 10 -

836 A.2d at 1009 (quoting **Hughes**, 399 A.2d at 698). The **T.G.** Court held, "Here, taking into account the victim's young age and her testimony that she was afraid and crying when [the a]ppellant confined her within [the a]ppellant's home for approximately twenty minutes, we conclude that the 'substantial period' element has been met." **T.G.**, 836 A.2d at 1009.

We conclude that Appellant's restraint of the eighty-seven-year-old victim by the throat for a period of fifteen minutes was sufficient to prove the "substantial period" element of kidnapping in this case. Appellant confined the victim and removed her telephone so that she was unable to flee or call for help. The removal of the telephone also evidenced the intent to isolate the victim for a substantial period. There was no evidence that anyone else had access to the victim's home. Moreover, Appellant held the victim by the throat for fifteen minutes, thereby substantially increasing the risk of harm by asphyxiation to the victim. Clearly, Appellant's physical strength was sufficient to detain her. The fright instilled in this frail, elderly woman was at least comparable to the fright of the six-year-old victim in **T.G.**, and likely more, in that this victim was restrained with Appellant's hands around her neck. Thus, we conclude that the evidence was sufficient to support Appellant's adjudication of the crime of kidnapping.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/15/2016