J-S49019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: A.T. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: A.T. | |
| | No. 3050 EDA 2013 |

Appeal from the Dispositional Order October 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-JV-0002729-2013

BEFORE: OLSON, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 26, 2014**

A.T., a minor,[1] appeals from the dispositional order entered in the Philadelphia County Court of Common Pleas, Family Court, Juvenile Division. On October 18, 2013, at the conclusion of a hearing, the juvenile court adjudicated A.T. delinquent on charges of receiving stolen property ("RSP") and criminal conspiracy.[2] That same day, the court entered a dispositional order placing A.T. on probation, and directing that he attend De La Salle Vocational School. On appeal, A.T. challenges the sufficiency of the evidence sustaining his adjudication of delinquency. For the reasons that follow, we affirm.

_____

[1] A.T.'s date of birth is December 30, 1995.

[2] 18 Pa.C.S. §§ 3925 and 903, respectively.

The facts underlying A.T.'s arrest and adjudication are aptly summarized by the juvenile court in its opinion, and we need not reiterate them herein. *See* Juvenile Court Opinion, 1/23/2014, at 2-4. To summarize, A.T. and his co-conspirator attempted to sell back to the victim his own Honda scooter, which had been stolen from the victim's home a few days earlier. As stated *supra*, A.T. was adjudicated delinquent on charges of RSP and criminal conspiracy, and, thereafter, ordered to be supervised on probation. This timely appeal followed.

A.T.'s sole issue on appeal challenges the sufficiency of the evidence. Specifically, he argues the evidence presented by the Commonwealth demonstrated only that he "accompanied another who had possession of a stolen [scooter]" and "[t]he conduct of the parties was equally consistent with guilt or innocence." A.T.'s Brief at 9-10. A.T. contends that while "[t]he condition of the [scooter] may have given reason to suspect that [his co-conspirator's] possession was suspect, [] mere knowledge that another is committing a crime does not make one a conspirator." *Id.*

As with any sufficiency claim, our review of an adjudication of delinquency is well-settled:

> When a challenge to the sufficiency of the evidence is made, our task is to determine whether the evidence and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, were sufficient to enable the fact-finder to find every element of the crime charged beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. Moreover, we must defer to the credibility determinations of the trial court, as these are within

the sole province of the finder of fact. The trier of fact, while passing upon the credibility of witnesses, is free to believe all, part, or none of the evidence.

*In re T.G.*, 836 A.2d 1003, 1005 (Pa. Super. 2003).

Here, A.T. was adjudicated delinquent on charges of RSP and conspiracy. RSP is defined in the Crimes Code as follows:

A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S. § 3925(a). The Supreme Court has held that "[a] permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods … as well as other circumstances, such as the accused's conduct at the time of arrest." *Commonwealth v. Foreman*, 797 A.2d 1005, 1012 (Pa. Super. 2002) (quotation omitted). "Further, whether the property has alterations indicative of being stolen can be used to establish guilty knowledge." *Id.*

Moreover,

[t]o sustain a conviction for criminal conspiracy, the Commonwealth must establish the defendant: 1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with a shared criminal intent; and 3) an overt act was done in furtherance of the conspiracy. The conduct of the parties and the circumstances surrounding such conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. The conspiratorial agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode.

- 3 -

*Commonwealth v. Feliciano*, 67 A.3d 19, 25-26 (Pa. Super. 2013) (internal citations and punctuation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Here, the juvenile court, sitting as fact finder, concluded that the evidence was sufficient to adjudicate A.T. delinquent. The court explained the basis for its conclusion as follows:

> The conduct of both A.T. and [his co-conspirator] Dante Jacobs at the time of the arrest and during their possession of the scooter is … the clearest indicator of their criminal conspiracy. A.T. and Jacobs arrived together [at the predetermined meeting location]. The fact they first presented themselves without the scooter demonstrates that their motives were not pure. …
>
> When they felt comfortable enough, **both** A.T. and Dante Jacobs disappeared for four to five minutes, recovered the stashed scooter, and brought the scooter towards the complainant. At some point, **both** A.T. and Dante Jacobs were pushing the scooter. This was a scooter, which lacked a license plate, lacked a key, and had a visibly-damaged ignition, with the wires spliced together. As A.T. and Jacobs were walking the scooter towards a person who appeared to be holding a title to the scooter, they should have begun to abandon their ambition of a sale. Still, they continued to demand $100 from the apparently lawful owner, until the point where the police arrived.
>
> Upon the approach of Officer Bakos, A.T. demonstrated his guilty conscience by attempting to kick-start the scooter. Apparently, A.T. already knew that this particular scooter did not require a key to start. This court believes that A.T. was attempting to flee the scene. When the scooter would not start, A.T. backpedaled away from Officer Bakos to briefly avoid apprehension. To no surprise, Dante Jacobs also tried to simultaneously flee upon the approach of Officer Bakos.

Juvenile Court Opinion, 1/23/2014, at 6-7 (emphasis in original).

Our review of the transcript from the October 18, 2013, adjudication hearing reveals the juvenile court's findings are supported by the record. Although A.T. argues he was merely present when Jacobs attempted to sell back to the complainant his stolen scooter, A.T.'s actions communicate otherwise. Both A.T. and Jacobs arrived at the designated meeting spot together, and, a few minutes later, both left together to get the scooter. Officer Bakos testified that as he approached, in plain clothes, he observed A.T. attempting to kick start the scooter without a key. N.T., 10/18/2013, at 11. Further, when A.T. noticed Officer Bakos, "he got off the bike and started to back pedal." *Id.* The officer also observed that the license plate was missing from the scooter, and the ignition wires were cut and spliced together. *Id.* at 12. Accordingly, we agree with the conclusion of the juvenile court that the evidence was sufficient to sustain A.T.'s adjudication of delinquency.[3]

Order affirmed.

_____

[3] We note that the complainant's friend, Brandon Scher, accompanied him to meet A.T. and Jacobs. Although Scher initially told the police that he believed A.T. "didn't do anything … [but] was in the wrong place at the wrong time[,]" the juvenile court, sitting as fact finder, gave "no weight to Mr. Scher's previous, speculative conclusion." Juvenile Court Opinion, 1/23/2014, at 4.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/2014