J-S22023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYJAH COKER | |
| Appellant | No. 3348 EDA 2016 |

Appeal from the Judgment of Sentence entered September 12, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0009563-2014

BEFORE: BENDER, P.J.E., STABILE, J., and PLATT, J.*

MEMORANDUM BY STABILE, J.: Filed July 20, 2018

Appellant, Tyjah Coker, appeals from the judgment of sentence entered on September 12, 2016 in the Court of Common Pleas of Philadelphia County following his convictions of attempted kidnapping and unlawful restraint of a minor, 18 Pa.C.S.A. §§ 2901(a.1) and 2902(b)(1), respectively. Appellant asserts the evidence was insufficient to support either conviction. We disagree and, therefore, affirm.

Following a waiver trial held on May 16, 2016, the trial court aptly summarized its findings of fact as follows:

_____

* Retired Senior Judge assigned to the Superior Court.

On June 18, 2014, 7-year-old complainant S.E. was playing ball with a milk crate outside her home [] in Philadelphia, Pennsylvania. Complainant was accompanied by her three minor siblings and her mother. At that time, [Appellant[1]] grabbed complainant and began dragging her down the street by her left arm. The complainant's mother [] grabbed the wooden milk crate and began beating [Appellant] in the head in an effort to free her daughter. She hit him so many times that she lost count, but continued beating him even as blood began coming out of [his] head. Meanwhile, the complainant continued to scream, "Mom, mom, help me." Although testimony at trial was somewhat inconsistent as to the exact distance that [Appellant] had the complainant, it was clear that he made it at least to the end of the block before she was released. After finally freeing her daughter, [complainant's mother] continued to chase [Appellant] until he ran into a nearby store at 16th and Cecil B. Moore Streets. During that time, she also called 911, and the cops arrived almost immediately. After dropping the complainant, [Appellant] was chased by other males in the neighborhood, including the complainant's father, who proceeded to beat him up before he was apprehended by police. The cops arrived at the scene and arrested [Appellant] at the store. The complainant was taken to the hospital, but only sustained scrapes and bruises.

Trial Court Opinion, 12/22/17, at 2.

At the conclusion of the waiver trial, the court found Appellant guilty of, *inter alia*, attempted kidnapping of a minor and unlawful restraint of a minor. The trial court imposed an aggregate sentence of four to ten years in state prison, followed by six years' probation. Appellant filed a post-sentence motion that was denied on September 27, 2016. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider two issues in this appeal:

---

[1] Appellant, whose date of birth is January 15, 1982, was thirty-two years of age on June 18, 2014.

A. Was not the evidence insufficient as a matter of law to sustain [Appellant's] conviction for attempted kidnapping of a minor where [Appellant's] conduct did not demonstrate the requisite intent, and did not the trial court violate his due process right to have every element of every charge against him proven beyond a reasonable doubt by inferring such intent where no evidence existed?

B. Was not [Appellant] erroneously convicted of unlawful restraint of a minor where there was insufficient evidence that he exposed the complainant to actual risk of serious bodily injury?

Appellant's Brief at 3.

Our standard of review from a challenge to sufficiency of evidence is well settled.

When a challenge to the sufficiency of the evidence is made, our task is to determine whether the evidence and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, were sufficient to enable the fact-finder to find every element of the crime charged beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. Moreover, we must defer to the credibility determinations of the trial court, as these are within the sole province of the finder of fact. The trier of fact, while passing upon the credibility of witnesses, is free to believe all, part, or none of the evidence.

*In re T.G.*, 836 A.2d 1003, 1005 (Pa. Super. 2003) (citations omitted).

Appellant first challenges the sufficiency of evidence supporting his conviction of kidnapping. 18 Pa.C.S.A. § 2901 provides, in relevant part:

**(a.1) Kidnapping of a minor.--**A person is guilty of kidnapping of a minor if he unlawfully removes a person under 18 years of age a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines a person under 18 years of age for a substantial period in a place of isolation, with **any** of the following intentions:

(1) To hold for ransom or reward, or as a shield or hostage.
(2) To facilitate commission of any felony or flight thereafter.
(3) To inflict bodily injury on or to terrorize the victim or another.
(4) To interfere with the performance by public officials of any governmental or political function.

18 Pa.C.S.A. § 2901(a.1) (emphasis added).[2]

Appellant argues the evidence was insufficient to convict him of kidnapping the minor, S.E., because his conduct did not demonstrate requisite intent. He claims the trial court inferred his intent and, as a result, violated his due process rights to have each element of kidnapping proven beyond a reasonable doubt. We cannot agree.

As this Court explained in **Commonwealth v. Eckrote**, 12 A.3d 383 (Pa. Super. 2010):

> "The kidnapping statute is not designed to criminalize every sort of incidental transportation or detention which may take place during the commission of another crime." **Commonwealth v. Mitchell**, 883 A.2d 1096, 1109 (Pa. Super. 2005), *appeal denied*, 587 Pa. 688, 897 A.2d 454 (2006). "Such trivial movements of the victim generally do not substantially increase the risk of harm to the victim." **Id.** Therefore, to successfully prosecute the crime of kidnapping under this section, the Commonwealth must establish [the defendant] kidnapped his victim *with the intent* to facilitate the commission of a felony. **Commonwealth v. King**, 786 A.2d 993, 994 (Pa. Super. 2001), *appeal denied*, 571 Pa. 704, 812 A.2d 1228 (2002).

---

[2] The parties stipulated that S.E.'s date of birth is November 19, 2006. **See** Notes of Testimony, 5/16/16, at 96. Therefore, she was seven years old on June 18, 2014, when the underlying events occurred.

*Id.* at 388 (emphasis in original). With respect to intent:

> "A person acts intentionally with respect to a material element of an offense when . . . it is his conscious object to engage in conduct of that nature or to cause such a result." 18 Pa.C.S. § 302(b)(1)(i). "As intent is a subjective frame of mind, it is of necessity difficult of direct proof." ***Commonwealth v. Matthews***, 870 A.2d 924, 929 (Pa. 2005) (citations omitted). "Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." ***Id.***

***Commonwealth v. Miller***, 172 A.3d 632, 641 (Pa. Super. 2017) (brackets omitted). Importantly, "entirely circumstantial evidence is sufficient so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." ***Eckrote***, 12 A.3d at 386 (citations omitted). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Id.*** (citation omitted). Finally, "[t]he factfinder is free to believe all, part, or none of the evidence presented at trial." ***Id.*** (citation omitted).

Here, the evidence established that Appellant, a stranger to seven-year-old S.E., grabbed her by the arm from in front of her home and dragged her down the street as she called out to her mother for help. S.E.'s mother responded by beating Appellant in the head with a wooden milk crate in an attempt to free her daughter from Appellant's grasp. As the trial court noted, the testimony relating to the distance Appellant dragged S.E. was not clear. However, it is clear that he removed S.E. from the front of her home and

dragged her a distance that would likely be more than substantial to a seven-year-old child. As the trial court stated, "[S]he was dragged, kicking and screaming, down the street to at least the end of the complainant's block. [] The distance here was enough to remove complainant from the safety of her mother and her home." Trial Court Opinion, 12/22/17, at 5 (unnumbered).[3] In the course of doing so, Appellant caused S.E. to sustain scrapes to her legs and feet. *Id.* at 2 (unnumbered).

Viewing the evidence—including circumstantial evidence—as well as all reasonable inferences therefrom in the light most favorable to the Commonwealth, we conclude the evidence was sufficient to enable the trial judge, as factfinder, to find that Appellant possessed the requisite intent to kidnap S.E. and that the Commonwealth proved every element of kidnapping a minor beyond a reasonable doubt. Appellant's first issue fails.

_____

[3] Although Appellant does not assert the Commonwealth failed to prove he moved S.E. a "substantial distance," we find that element of the kidnapping definition was satisfied here. When determining whether a victim was moved a substantial distance, "this Court has held that the definition cannot be confined to a given linear distance." *In re T.G.*, 836 A.2d at 1006 (citing *Commonwealth v. Hughes*, 399 A.2d 693, 696 (Pa. Super. 1979) (*en banc*)). "[A] sensible interpretation is one that views a substantial distance as one that isolates the victim and exposes him or her to increased risk of harm." *Id.* (citing *Commonwealth v. Campbell*, 509 A.2d 394, 397 (Pa. Super. 1986)).

In his second issue, Appellant argues the evidence was insufficient to support his conviction of unlawful restraint of a minor. 18 Pa.C.S.A. § 2902 provides, in relevant part:

**(b) Unlawful restraint of a minor where offender is not victim's parent.--**If the victim is a person under 18 years of age, a person who is not the victim's parent commits a felony of the second degree if he knowingly:

(1) restrains another unlawfully in circumstances exposing him to risk of serious bodily injury[.]

18 Pa.C.S.A. § 2902(b)(1).

Appellant contends the Commonwealth failed to prove he exposed S.E. to "serious bodily injury." "Serious bodily injury" is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. Appellant argues that the evidence showed he "pulled the girl down the sidewalk the distance of a few house lengths. He carried no weapons, he made no threats and he never hit or kicked or otherwise attempted to strike the complainant." Appellant's Brief at 15. Appellant then cites several decisions of this Court in an effort to demonstrate that S.E. was never exposed to serious bodily injury. *Id.* at 15-18. However, none of the cited cases is factually similar to the case before us, where a 32-year-old man grabbed a 7-year-old girl and dragged her down the street. Moreover, as the Commonwealth recognizes, "The offense of unlawful restraint requires the *risk* of serious bodily injury, not the infliction

of **actual** bodily injury. Commonwealth Brief at 10 (citing 18 Pa.C.S.A. § 2902(b)(1)). "[T]he mere fact that the victim only sustained minor injuries and did not sustain 'serious bodily injury' does not *ipso facto* establish that appellant's actions did not place others in danger of such injury." **Commonwealth v. Lawton**, 414 A.2d 658, 662 (Pa. Super. 1979).

As the trial court observed:

> [A]t trial, the complainant's mother testified that while she was chasing [Appellant] down the street, she was hitting him very hard with the wooden milk crate, to the point where [Appellant] began bleeding from the head. Meanwhile, [Appellant] is still dragging the 7-year-old complainant and restraining her from escape, putting the child at risk for serious bodily injury on account of the chaos that is occurring between her mother and her captor. Therefore, based on the evidence presented at trial, there is sufficient evidence to support [Appellant's] conviction for Unlawful Restraint.

Trial Court Opinion, 12/22/17, at 6 (unnumbered).

Once again, employing the applicable standard of review, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth as verdict winner, we find the evidence was sufficient to enable the trial judge, as factfinder, to find every element of unlawful restraint beyond a reasonable doubt. Consequently, Appellant is not entitled to relief on his second issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/20/2018</u>