J-S01026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
MICHAEL ORTIZ   :
  :
Appellant   :    No. 1301 MDA 2018

Appeal from the Judgment of Sentence Entered February 2, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005837-2016

BEFORE: PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:      **FILED: JANUARY 28, 2019**

Michael Ortiz (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of two counts of kidnapping[1] and related offenses. Appellant challenges the sufficiency of the evidence. Upon review, we affirm.

The trial court summarized the evidence adduced at trial as follows.[2] On

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2901(a)(3).

[2] While the certified record includes the transcripts for the suppression and sentencing hearings, it does not contain the trial transcript. Nevertheless, our review of Appellant's sufficiency issue is not impeded, as he does not contest the trial court's recitation of the facts, and indeed, his statement of the facts is consistent with that of the trial court. **Compare** Trial Court Opinion, 9/7/18, at 2-4, 6-7 **with** Appellant's Brief at 6-9. As we discuss **infra**, Appellant

the morning of September 30, 2016, Appellant was in a Walmart store. Trial Court Opinion, 9/7/18, at 2. A loss prevention employee, Stephen Zivanovich,

> noticed Appellant attempting to steal a large amount of clothing and exhibiting furtive movements. As . . . Appellant was leaving the store, Zivanovich confronted him. Appellant immediately fled the scene. Zivanovich went back to the camera center and was able to track . . . Appellant through the parking lot.

*Id.* at 2-3 (citations to notes of testimony omitted).

At the same time, Lismari Vazquez and her sister-in-law, Karitza Gonzalez, a retired police officer, were in the Walmart parking lot. *Id.* at 3. The two women got into Vazquez's car and immediately thereafter, Appellant entered the car. *Id.* "Vazquez and Gonzalez tried to get out of the vehicle," but Appellant told them that he was armed, "ma[de] it look like he had a weapon and indicated that he would kill them both if they did not do as he wanted." *Id.* at 3, 6. Appellant "demanded that they take him to Derry Street (a local street nearby)." *Id.* at 6. Accordingly, "the victims had to drive **behind** the Walmart." *Id.* at 6 (emphasis in original).

> When they were stopped at the next light, Gonzalez, who [legally] had a weapon, ordered . . . Appellant out of the vehicle. At some point, . . . Appellant [got] out of the car and [struggled] with Gonzalez' weapon. Gonzalez fire[d] a shot and . . . Appellant [ran] from the scene.

*Id.* at 3. Vazquez and Gonzalez then returned to Walmart and waited for the

---

challenges whether the evidence — which is undisputed — established the "substantial distance" element specified in the kidnapping statute. *See* 18 Pa.C.S.A. § 2901(a)(3).

police. At trial, "Gonzalez testified that she wanted 'God to give [her] strength so that [Appellant] wouldn't be able to take the [fire]arm away from [her], because if he . . . took the weapon[, he] was going to kill" her. ***Id.*** at 6.

> The Defense, upon stipulation, entered a timeline of the event. At 11:41 a.m., . . . Appellant arrived at Walmart. At 11:44 a.m., Appellant gets into the victim's vehicle. At 11:45 a.m., the car is seen leaving the parking lot. Finally, at 11:49 a.m., a call is made to 911.

***Id.*** at 4.

Appellant was charged with, *inter alia*, two counts each of kidnapping, terroristic threats, and unlawful restraint,[3] and one count each of robbery and retail theft.[4] The case proceeded to a jury trial, and on January 9, 2018, the jury found Appellant guilty of all charges.

On February 2, 2018, the trial court imposed the following terms of imprisonment, all to run concurrently: (1) two terms of 10 to 20 years for the two kidnapping counts; (2) two terms of 15 to 60 months for the two unlawful restraint counts; (3) 30 to 60 months for robbery; and (4) 12 to 24 months for retail theft. The trial court also imposed two concurrent terms of 60 months of probation for Appellant's two terroristic threats convictions. Appellant's aggregate sentence was thus 10 to 20 years of imprisonment, followed by 5 years of probation.

---

[3] 18 Pa.C.S.A. §§ 2706(a)(1), 2902(a)(1).

[4] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 3929(a)(1).

Appellant filed a timely post-sentence motion, arguing that the weight of the evidence did not support his kidnapping convictions. The trial court denied the motion on February 15, 2018. On July 12, 2018, Appellant filed a petition pursuant to the Post-Conviction Relief Act,[5] in which he sought to reinstate his direct appeal rights *nunc pro tunc*. The trial court granted relief, and Appellant filed this timely appeal. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and he complied, raising a single issue challenging the sufficiency of the evidence.[6] The trial court filed its opinion on September 7, 2018.

On appeal, Appellant presents one issue for our review:

WAS NOT THE EVIDENCE INSUFFICIENT TO SUSTAIN [APPELLANT'S] CONVICTION FOR KIDNAPPING, 18 PA.C.S. § 29[0]1, WHEN [APPELLANT] DID NOT MOVE ANOTHER "A SUBSTANTIAL DISTANCE" AS REQUIRED BY THE STATUTE AND WHEN THE COURT DID NOT INSTRUCT THE JURY THAT IT COULD CONVICT [APPELLANT] OF ATTEMPT TO COMMIT KIDNAPPING?

Appellant's Brief at 5.

We consider Appellant's sufficiency challenge mindful of the following:

In reviewing the sufficiency of the evidence, the Court must determine whether the evidence admitted at trial, and all reasonable references derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt.

_____

[5] 42 Pa.C.S.A. §§ 9541-9545.

[6] Although Appellant did not previously present a sufficiency challenge before the trial court, this issue is not waived, as an appellant may raise such issue for the first time on appeal. **See** Pa.R.Crim.P. 606(A)(7).

*Commonwealth v. Malloy*, 856 A.2d 767, 773 (Pa. 2004) (citation omitted).

"In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder." *Appeal of T.G.*, 836 A.2d 1003, 1005 (Pa. Super. 2003).

> The kidnapping statute under which Appellant was convicted provides:
>
> > [A] person is guilty of kidnapping if he unlawfully removes another **a substantial distance** under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions:
> >
> > > (3) To inflict bodily injury on or to terrorize the victim or another.

18 Pa.C.S.A. § 2901(a)(3) (emphasis added).

Appellant argues that the evidence was insufficient to sustain his kidnapping convictions because he did not remove the victims "a substantial distance." He contends "the 'substantial distance' element must be analyzed in terms of the distance between [the location of] the initial encounter and the point of his actual departure from the [victims'] vehicle." Appellant's Brief at 17. Appellant emphasizes that he "was in the victims' presence for a brief period: no more than five minutes," that the victims drove "only one block," and that "this was a daytime offense that began in a commercial parking lot [ and t]he victims were not taken to a[n] isolated area in an alien environment." *Id.* at 13, 23. Appellant concedes that the Pennsylvania Supreme Court has held that the term "'substantial distance' cannot be quantified, but [instead]

must be assessed 'under the circumstances' of the incident." *Id.* at 18, *citing*

*Malloy*, 856 A.2d at 779. Nonetheless, Appellant maintains that past

Pennsylvania decisions addressing the meaning of "substantial distance" are

distinguishable because they did not "involve the combination of short

distance and brevity of time[, which is] at issue in this matter."[7] *Id.* at 19.

Appellant thus requests that this Court to reverse his kidnapping convictions.

As noted by Appellant, our Supreme Court has opined:

> For purposes of the kidnapping statute, a substantial distance is not limited to a defined linear distance or a certain time period. The determination of whether the victim was moved a substantial distance is evaluated "under the circumstances" of the incident. Further, "the guilt of an abductor cannot depend upon the fortuity of the distance he has transported his victim nor the length of time elapsed. . . ."

*Malloy*, 856 A.2d at 779 (citations omitted). Further,

> [t]his Court has acknowledged that "the incidental movement of a victim during the commission of a crime which does not substantially increase the risk of harm to the victim," does not meet the statutory definition of kidnapping. However, where the movement of the victim places the victim "in a completely different environmental setting removed from the security of familiar surroundings," the statutory definition of kidnapping is met. "The singular fact [that] removal compounds the risk of harm to the victim which was distinct from the risk inherent in the crimes which the movement accompanied" results in sufficient grounds for finding the victim was removed a "substantial distance." Stated another way, "a sensible interpretation is one that views a substantial distance as one that isolates the victim and exposes him or her to increased risk of harm."

---

[7] Appellant also posits that **if** the Commonwealth were to argue on appeal that the evidence established the crime of **attempted** kidnapping, such claim would be meritless. *See* Appellant's Brief at 13-17. The Commonwealth presents no such claim. *See* Commonwealth's Brief at 6-9 (unpaginated).

- 6 -

*Appeal of T.G.*, 836 A.2d at 1006 (citations omitted).

Instantly, the trial court, citing both *Malloy* and *Appeal of T.G.*, rejected Appellant's claim that the evidence was insufficient to establish the requisite "substantial distance" element of kidnapping. The trial court emphasized that when ordered to drive to Derry Street, the victims "had to drive **behind** the Walmart and leave the safety and security of the shopping center," such that "Appellant isolated the victims and exposed them to a substantially increased risk of harm." Trial Court Opinion, 9/7/18, at 6 (emphasis in original). The court stated that "the victims were put in a situation where they thought their lives were in danger if they did not do what the Appellant demanded." *Id.*

We discern no basis upon which to disturb the trial court's conclusions. As Appellant acknowledges, *Malloy* provides that "a substantial distance is not limited to a defined linear distance or a certain time period" **and** a defendant's guilt does not "depend upon the fortuity of the distance he has transported his victim nor the length of time elapsed." *Malloy*, 856 A.2d at 779. While the car ride/kidnapping in *Malloy* lasted 10 to 15 minutes and covered 10 to 12 blocks, there is no authority, in either *Malloy* or subsequent Pennsylvania case law, to support Appellant's assertion that a "substantial distance" may not be established by a "short distance and brevity of time." *See* Appellant's Brief at 19. Moreover, Appellant neither addresses nor disputes the fact that he forced the victims to "leave the safety and security

of the shopping center." Trial Court Opinion, 9/7/18, at 6; ***Appeal of T.G.***, 836 A.2d at 1006. In sum, our review supports the trial court's conclusion that the "jury could find under these circumstances that Appellant isolated the victims and exposed them to an increased risk of harm, thus moving the victims a 'substantial distance' to prove the offense of kidnapping under the statute." Trial Court Opinion, 9/7/18, at 7.

For these reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/28/2019